**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2827
_____

ALLA PASTERNACK, Executrix of the Estate of Leon Frenkel

v.

BRUCE K. KLEIN, Individually, and in all other employee, owner, member, corporate
and agent capacities as regards his various business entities;
VICTORY PARTNERS, LLC

BRUCE K. KLEIN,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:14-cv-02275)
District Judge:  Honorable Berle M. Schiller
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 11, 2018

Before:  SHWARTZ, KRAUSE and FUENTES, Circuit Judges

(Opinion filed: October 17, 2018)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Bruce Klein appeals pro se from two District Court decisions issued in this breach-of-contract action brought against him and Victory Partners, LLC, by Leon Frenkel. The first decision denied the defendants' motion for partial summary judgment and granted partial summary judgment against Victory Partners, while the second decision entered a final judgment against the defendants after a bench trial. For the reasons that follow, we will affirm both decisions.

I.

Because we write primarily for the parties, who are familiar with the background of this case, we discuss that background only briefly. In 2014, Frenkel commenced this action by filing a four-count breach-of-contract complaint in the District Court.[1] Only Counts I and II are at issue on appeal.[2] Count I concerned a promissory note ("the Note") executed by Victory Partners and signed by Klein in favor of Frenkel for a principal amount of $153,000. Count II concerned a related pledge agreement ("the Agreement"), which the defendants executed in Frenkel's favor as collateral for the Note.

On December 22, 2016, the District Court denied the defendants' motion for partial summary judgment and granted summary judgment in favor of Frenkel on Count I to the extent that this count was brought against Victory Partners. In doing so, the

---

[1] Frenkel passed away shortly after trial. The executrix of his estate (his daughter, Alla Pasternack) was then substituted as the plaintiff in this case pursuant to Federal Rule of Civil Procedure 25(a).

[2] Counts III and IV were settled immediately before trial.

2

District Court concluded that Victory Partners had breached the Note. The remaining part of Count I (whether Klein was liable for Victory Partners' breach), as well as all of Count II, proceeded to a bench trial. After trial, the District Court issued findings of fact and conclusions of law. The District Court concluded that the defendants had breached the Agreement, and that it was appropriate to pierce the LLC veil to hold Klein liable for Victory Partners' breaches because Victory Partners "is the alter ego of Klein, who misused the corporate form for his personal interest." (Appellant's App. at 22.) Accordingly, on July 25, 2017, the District Court entered a final judgment against the defendants on Counts I and II. This timely appeal followed.

## II.

The District Court had diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a),[3] and we have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We

---

[3] For diversity jurisdiction to lie, the amount in controversy must exceed $75,000 and there must be "complete diversity" amongst the parties. See Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013). "Complete diversity," which must exist at the time the complaint is filed, means that the plaintiff cannot be a citizen of the same state as any of the defendants. See id. "The citizenship of a natural person is the state where that person is domiciled," while "a limited liability company is a citizen of all the states of its members." GBForefront, L.P. v. Forefront Mgmt. Grp., LLC, 888 F.3d 29, 34 (3d Cir. 2018). Frenkel's complaint alleged that Klein was Victory Partners' sole member, but it did not allege where Klein and Frenkel were domiciled. However, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653; see Kiser v. Gen. Elec. Corp., 831 F.2d 423, 427 (3d Cir. 1987) (explaining that § 1653 "permits amendments broadly so as to avoid dismissal of diversity suits on technical grounds"). On appeal, Pasternack avers that Frenkel was domiciled in Pennsylvania, and that Klein was domiciled in either New Jersey or Florida. Klein does not dispute these averments, nor does he otherwise claim that complete diversity was lacking when the complaint was filed. We hereby grant Pasternack's request to amend the complaint's allegations of jurisdiction to include her averments on appeal. In light of this amendment, we conclude that the complete-diversity requirement

3

exercise plenary review over the District Court's December 22, 2016 summary judgment decision. See Zaloga v. Borough of Moosic, 841 F.3d 170, 174 n.3 (3d Cir. 2016). As for the District Court's July 25, 2017 judgment, "we exercise plenary review over the District Court's conclusions of law and review the District Court's findings of fact for clear error." CG v. Pa. Dep't of Educ., 734 F.3d 229, 234 (3d Cir. 2013). Our clear-error review is especially deferential when examining the District Court's credibility determinations, see Dardovitch v. Haltzman, 190 F.3d 125, 140 (3d Cir. 1999), and "we may only reject a District Court's finding concerning a witness's credibility in rare circumstances," id.

The District Court's opinions accompanying its December 22, 2016 and July 25, 2017 decisions collectively total 33 pages. In those pages, the District Court carefully analyzed the relevant issues surrounding Counts I and II. For substantially the reasons provided by the District Court, we find no error in its determinations that (1) summary judgment was warranted in favor of Frenkel as to his claim that Victory Partners had breached the Note, and (2) summary judgment was not otherwise warranted. Nor do we see any reason to disturb the District Court's post-trial determinations that (1) the defendants breached the Agreement, and (2) Victory Partners' LLC veil should be pierced to hold Klein liable for its breaches of the Note and the Agreement.

Klein argues that the District Court's veil-piercing analysis erroneously placed the burden of proof on him, not Frenkel. We disagree. The District Court's July 25, 2017

---

has been satisfied in this case. Accordingly, and because the amount in controversy here exceeded $75,000, the District Court did not err in exercising its diversity jurisdiction.

4

opinion clearly stated that the "party seeking to pierce the corporate veil of an LLC and hold an individual member liable must establish two elements," (Appellant's App. at 35), and we believe that the District Court faithfully applied that standard in this case. To the extent that Klein argues that the District Court ignored the "substantial facts" that he presented at trial in opposition to Frenkel's veil-piercing claim, we find that argument unpersuasive. The District Court's opinion discussed Klein's trial testimony at length. In the end, the District Court "wholly discount[ed]" Klein's testimony because it found that he was not credible for several reasons, including (but not limited to) his "demeanor in court and behavior throughout this litigation." (Id. at 41.) Klein has failed to show that the District Court's credibility determination is clearly erroneous.

We have considered Klein's remaining arguments and conclude that none of them is persuasive. In light of the above, we will affirm the District Court's December 22, 2016 and July 25, 2017 decisions.